998 So.2d 1186 (2009)
John STUMPFF, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-67.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
Carey Haughwout, Public Defender, and John Pauly and Harris Printz, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, John Stumpff, was convicted of carrying a concealed weapon without a license. He argues that he was exempt from the licensing requirements under the provisions of section 790.06(5)(b), Fla. Stat. (2005). We agree and reverse.
*1187 Stumpff worked as a volunteer/reserve/auxiliary officer with the Florida Fish and Wildlife Commission and was authorized to carry a firearm as part of his employment. In July, 2005, he was placed on inactive status. He could no longer participate in auxiliary activities and surrendered his badge and identification card. He was told, however, that he was not officially suspended. Subsequently, when Stumpff entered the Broward courthouse to serve papers in an unrelated matter he asked a police officer where he could lock up his gun while he was in the courthouse. Stumpff was then arrested and charged with carrying a concealed weapon in violation of section 790.01, Florida Statutes (2005), which provides:
(2) A person who carries a concealed firearm on or about his or her person commits a felony of the third degree....
Stumpff argued that he was exempt from the licensing requirements under section 790.052, Fla. Stat. (2005), which provides:
Carrying concealed firearms; off-duty law enforcement officers.
(1) All persons holding active certifications from the Criminal Justice Standards and Training Commission as law enforcement officers or correctional officers as defined in s. 943.10(1), (2), (6), (7), (8), or (9) shall have the right to carry, on or about their persons, concealed firearms, during off-duty hours, at the discretion of the superior officers, and may perform those law enforcement functions that they normally perform during duty hours, utilizing their weapons in a manner which is reasonably expected of on-duty officers in similar situations. However, nothing in this subsection shall be construed to limit the right of a law enforcement officer ... to carry a concealed firearm off duty as a private citizen under the exemption provided in s. 790.06....
Stumpff is such an officer, as is explained in section 943.10(8):
"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a fulltime or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.
The state contends that under section 790.052, Stumpff was not a law enforcement officer who was allowed to carry a concealed weapon because he was on inactive status. Stumpff took the contrary position that because he was still certified, the last sentence of section 790.052, quoted above, allowed him to carry a concealed weapon as a private citizen under the exemptions of section 790.06, which provides:
License to carry concealed weapon or firearm.
(1) The Department of Agriculture and Consumer Services is authorized to issue licenses to carry concealed weapons or concealed firearms to persons qualified as provided in this section.
* * *
(5) The applicant shall submit to the Department of Agriculture and Consumer Services:
(a) A completed application as described in subsection (4).
(b) A nonrefundable license fee not to exceed $85, if he or she has not previously been issued a statewide license, or a nonrefundable license fee not to exceed $70 for renewal of a statewide license. Costs for processing the set of fingerprints as required in paragraph (c) shall be borne by the applicant. However, an individual holding an active *1188 certification from the Criminal Justice Standards and Training Commission as a "law enforcement officer," "correctional officer," or "correctional probation officer" as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) is exempt from the licensing requirements of this section.
Stumpff, although inactive, remained an "auxiliary law enforcement officer" under section 943.10(8), Florida Statutes. His certification had not been revoked. See § 943.12(3), Fla. Stat.
Because Stumpff was still certified, under section 790.06(5)(b), he was permitted to carry a concealed weapon as a private citizen. The court should have granted his motion for judgment of acquittal.
Reversed.
KLEIN and DAMOORGIAN, JJ., concur.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
The critical words in section 790.06 are: "an individual holding an active certificate... as a `law enforcement officer'...." The critical words in section 790.052(1) are: "shall have the right to carry ... concealed firearms, during off-duty hours, at the discretion of their superior officers...."
The evidence is this. He had been placed on inactive status. The superior officers had not exercised their discretion to authorize him to carry a concealed firearm while on inactive status.
Section 790.06 required that his status be active but his status was inactive. While his status was inactive he had no right to claim the section 790.06 exemption from the licensing requirements to which only active law enforcement officers are entitled.
I would affirm.